No. 28,225.

CHARLES A. ETCHEN, *Appellant* and *Appellee*, v. THE COFFEYVILLE
CHAMBER OF COMMERCE, *Appellee* and *Appellant*.

(272 Pac. 120.)

Opinion filed December 8, 1928.

*A. M. Etchen,* of Kansas City, for the appellant.

*Charles D. Welch* and *Dallas W. Knapp,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a balance of purchase price of real estate conveyed by plaintiff to defendant. The jury returned special findings of fact and a verdict in favor of plaintiff. The court granted a new trial generally, and denied defendant's motion for judgment on the special findings. Both parties appeal.

The Chamber of Commerce of Coffeyville desired to obtain title to various tracts of land in order to donate them to a smelting company which desired to enlarge its plant—a matter which would be of general benefit to the community. In order to purchase at fair prices, plaintiff, a real-estate agent and dealer in real estate, was employed to purchase the tracts in his own name for defendant. Plaintiff was a member of the chamber of commerce, and agreed to act without compensation, but was to be reimbursed for his outlay.

This arrangement was made in February, 1925, and pursuant to it deeds of all the tracts were delivered to defendant in July, 1925. Among the lots which defendant desired to acquire were the two in controversy, the record title to which stood in the name of T. F. Cox. Some two years before consummation of the agency employment Cox made a deed of the two lots to plaintiff. Plaintiff was not quite ready to take up the deed, and it was held by Cox. It was placed on record on June 29, 1925, and it recited a consideration of one dollar and other good and valuable considerations. Defendant accepted plaintiff's deed, recorded it, and took possession of the land. When defendant settled with plaintiff for the work he had done, it allowed him but $1,500 for the two lots, the sum which plaintiff paid Cox.

The petition alleged that plaintiff owned the land, that defendant agreed to pay $3,000 for it on delivery of deed, that plaintiff duly conveyed to defendant, and defendant refused to pay $1,500 of the price. The answer was that in procuring title to all the tracts which defendant desired to donate to the smelting company, including the two tracts in controversy, plaintiff was agent for defendant and had no title or interest therein except to the extent of advancements and expenses in performing the agency contract; that Cox was owner of the two tracts; that plaintiff purchased them from Cox for $1,500; and that in settling with plaintiff defendant reimbursed him for his outlay in acquiring the lots. The verified reply denied plaintiff was agent of defendant to purchase the two tracts, denied plaintiff did purchase the tracts pursuant to employment as agent, repleaded the agreement of defendant to pay $3,000 for the lots, and by way of estoppel pleaded acceptance by defendant of plaintiff's deed and retention of possession of the premises.

Plaintiff demurred to the answer and moved for judgment on the pleadings. Plainly, the answer stated a good defense. Under the code the allegations of the reply were deemed to be denied, and the motion for judgment was properly denied.

As indicated, the special findings of the jury sustained plaintiff's theory of the case were consistent with the verdict in his favor. Defendant's motion for new trial was based on all the statutory grounds, and specifically challenged the jury's treatment of the evidence, which was conflicting in important particulars, and from which, considered as a whole, conflicting inferences might be drawn.

The motion for new trial was granted generally and, under the rule repeatedly applied, this court must assume the district court was not satisfied with the jury's work. The order granting the new trial set aside the special findings and, so far as knowledge of the merits of plaintiff's case is concerned, this court has no resource except the pleadings. There is therefore no basis for discussion of certain questions of law presented by plaintiff.

Defendant moved for judgment on the answers of the jury to the special questions. The jury found specifically against the only defense raised by the answer — agency. Defendant contends the answer was contrary to all the evidence. It was not contrary to all the evidence. It was perfectly consistent with plaintiff's testimony, which took the two tracts out of the agency employment, and defendant could not be awarded judgment on the findings with that and other consistent findings standing on the record. Defendant contends the particular finding referred to was not in harmony with the next succeeding finding. If that be true the findings were conflicting, and defendant could not have judgment on the findings of fact. Besides that there was some basis for reconciling the findings, and as against defendant's motion the findings were to be reconciled, if possible. The defendant alludes to what it calls undisputed evidence as supporting its contention that judgment should have been rendered in its favor on the findings. Defendant cannot prevail here without the findings of fact, and as indicated, the findings were strongly in favor of plaintiff.

The result of the foregoing is, both appeals fail, and the judgment of the district court is affirmed.